IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:15-CV-00052-F

| | |
|---|---|
| WILLIAM PICKETT, JR. and <br> VALARIE J. PICKETT, <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | O R D E R |

This matter is before the court on Defendant's motion to compel Plaintiffs' initial disclosures. [DE-18]. Plaintiffs did not respond to the motion, and the time for doing so has expired. Accordingly, the motion is ripe for decision. For the reasons that follow, the motion is ALLOWED.

Plaintiffs William and Valarie Pickett, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendant Experian Information Solutions, Inc. alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and seeking statutory damages and injunctive relief. [DE-5]. Defendant filed an answer on March 17, 2015 [DE-10], and the court entered the Scheduling Order governing this matter on May 1, 2015, which provided the following critical deadlines: Rule 26(a)(1) initial disclosures due by May 8, 2015; discovery due by January 8, 2016; potentially dispositive motions due by February 8, 2016; and trial set for Judge Fox's May 9, 2016 term of court. [DE-17]. On May 8, 2015, Defendant received Plaintiffs' Rule 26(a)(1) initial disclosures, which Defendant found to be deficient. Def.'s Mem. [DE-19] at 1, Ex. B [DE-19-2]. On June 5, 2015, after attempting to reach a resolution of the instant dispute, Defendant filed a motion to compel. [DE-18].

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to automatically make the following enumerated disclosures to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). Rule 37 allows the filing of a motion to compel where a party fails to make initial disclosures. Fed. R. Civ. P. 37(a)(3)(A). An incomplete disclosure must be treated as a failure to respond. *Id.* 37(a)(4).

Having reviewed Plaintiffs' disclosures, the court finds them to be incomplete. Although it appears the *pro se* Plaintiffs made a good faith attempt to provide initial disclosures, they are not in conformity with Rule 26(a)(1)(A) and do not provide Defendant with the information to which it is entitled. Therefore, Defendant's motion is ALLOWED, and the court orders the following supplementation:

    (1)    Each party must make initial disclosures; however, it may be appropriate for Plaintiffs to do so jointly, for example, where their disclosures are identical. Both Plaintiffs signed the initial disclosures, but they are written in the singular, i.e.,

referring to "Plaintiff" and "I." *See* Pls.' Initial Disclosures [DE-19-2]. **Accordingly, Plaintiffs shall notify Defendants in writing that the disclosures apply to both Plaintiffs or make supplemental disclosures on behalf of each individual Plaintiff.**

(2) It appears Plaintiffs attempted to disclose witnesses who are employees of Defendant along with the subjects about which they have information. Plaintiffs indicated they do not have identifying information for these witnesses, which they will seek to obtain through discovery. This is an appropriate response, and Plaintiffs are reminded of their duty to timely supplement their disclosures under Rule 26(e) as they obtain additional responsive information throughout discovery. However, Plaintiffs' witness disclosures are incomplete to the extent they do not include themselves as witnesses and the subjects of information they may use to support their claims. **Accordingly, Plaintiffs shall supplement their disclosures as to themselves and any other undisclosed witnesses in conformity with Rule 26(a)(1)(A)(i).**

(3) Plaintiffs failed to provide "*a copy—or a description by category and location—*of all documents, electronically stored information, and tangible things . . . in [their] possession, custody, or control" that they may use to support their claims. Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). **Accordingly, Plaintiffs shall supplement their document disclosures in conformity with Rule 26(a)(1)(A)(ii).**

(4) Plaintiffs' damages disclosure specifically addresses the injunctive relief sought, but fails to provide sufficient detail regarding statutory and punitive damages. Plaintiffs generally assert they will seek $1,000 in statutory damages for each item Defendant failed to delete; however, **Plaintiffs must identify these items so Defendant will have notice of the total amount of statutory damages Plaintiffs seek. Plaintiffs also must disclose the amount of punitive damages sought. These disclosures must include a supporting calculation and documentation, where applicable, in conformity with Rule 26(a)(1)(A)(iii).**

Plaintiffs shall make the above supplemental disclosures by no later than **July 20, 2015**.

SO ORDERED, this the __6__ day of July 2015.

Robert B. Jones, Jr.
United States Magistrate Judge