IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No: 5:15-CV-52-F

WILLIAM PICKETT, JR. and )
VALARIE J. PICKETT, )
 )
      Plaintiffs, )
 )
v. ) O R D E R
 )
EXPERIAN INFORMATION SOLUTIONS, INC., )
 )
      Defendant. )

This matter is before the court on Defendant's motion to compel Plaintiffs' discovery responses. [DE-22]. Plaintiffs did not respond to the motion, and the time for doing so has expired. Accordingly, the motion is ripe for decision. For the reasons that follow, the motion is ALLOWED.

## I. BACKGROUND

Plaintiffs William and Valarie Pickett, proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendant Experian Information Solutions, Inc. alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and seeking statutory damages and injunctive relief. [DE-5]. Defendant filed an answer [DE-10], and the court entered the Scheduling Order governing this matter, which provided the following critical deadlines: Rule 26(a)(1) initial disclosures due by May 8, 2015; discovery due by January 8, 2016; potentially dispositive motions due by February 8, 2016; and trial set for Judge Fox's May 9, 2016 term of court. [DE-17]. On May 8, 2015, Defendant received Plaintiffs' Rule 26(a)(1) initial disclosures, which Defendant found to be deficient. Def.'s Mem. [DE-19] at 1, Ex. B [DE-19-2]. On June 5, after attempting to reach a resolution of the dispute, Defendant filed a motion to compel [DE-18], which the court allowed [DE-

20]. On August 19, Defendant served each Plaintiff with interrogatories, requests for admissions, and requests for production, to which Plaintiffs responded on September 17. After unsuccessfully attempting to schedule a meet and confer with Plaintiffs to resolve perceived deficiencies in their discovery responses, Defendant filed the instant motion to compel. [DE-22].

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (internal quotation marks, alterations, and citations omitted). Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory under Rule 33 or fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). With respect to requests for admissions, "[t]he requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more

2

> convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Additionally, "the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (unpublished) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

As an initial matter, the court notes the parties' failure to meet and confer pursuant to Local Civil Rule 7.1(c)(2), which requires counsel to certify that "there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." On September 24, 2105, one week after Plaintiffs served their respective discovery responses, counsel for Defendant emailed Plaintiffs requesting a call to discuss those responses and other case logistics. Def.'s Mot., Ex. I [DE-22-10] at 6. Plaintiffs responded that they would be open to a call if they knew ahead of time what specifically would be discussed so that they could be prepared. *Id.* at 5-6. Defendant's counsel then provided a list of interrogatory and document request responses to be discussed, as well as posing the topics of dates for Plaintiffs' depositions and Plaintiffs' settlement position. *Id.* at 4-5. Plaintiffs then asked to delay any call until Defendant received Plaintiffs' discovery requests, to which Defendant's counsel responded that those were separate issues and that the discussion regarding Plaintiffs' discovery responses and depositions could not be delayed. *Id.* at 4. On October 1, 2015, Plaintiffs proposed October 15 for the meet and confer call, and the following day Defendant's counsel indicated October 15 was not agreeable and proposed any date the week of October 19-23. *Id.*, Ex. H [DE-22-9] at 3-4. On October 15, having received no response from Plaintiffs, Defendant's counsel sent a follow-up email asking for a response by October 16, to which

Plaintiffs raised concerns regarding whether one of the attorneys representing Defendant had entered a notice of appearance in the case. *Id.* at 2-3. On October 20, Plaintiffs indicated they were available for the meet and confer call on October 29. *Id.*, Ex. I [DE-22-10] at 2. Defendant proceeded to file the instant motion on October 20 to avoid further delay in bringing this matter before the court. Def.'s Mem. [DE-23] at 2. Given Plaintiffs' delay in responding to Defendant's request to meet and confer, Defendant was justified in filing its motion, rather than waiting another nine days after nearly a month had already passed. In the future, the parties shall promptly meet and confer regarding any discovery dispute.

**A.     Interrogatories**

Defendant contends Plaintiffs' responses to Interrogatory Nos. 1, 4, 6, 7, 17, 19, 22, and 23 are evasive and/or incomplete. *Id.* at 3-6. The court will address each in turn.

Interrogatory No. 1 sought each Plaintiff's "full name, any nicknames or other names, including aliases, Social Security numbers, and ever[y] address Plaintiff has had for the past seven years." Def.'s Mot., Ex. A [DE-22-2] at 2 & Ex. B [DE-22-3] at 2. Plaintiffs each objected to this interrogatory and responded that Defendant already has this information. *Id.* Defendant is entitled to explore Plaintiffs' identifying information to ensure they do in fact have all such information and that the information is correct. Accordingly, Plaintiffs' objection is overruled.

Interrogatory No. 4 asked Plaintiffs to identify "all other lawsuits, including bankruptcies, in which the Plaintiff is or was a party, including for each suit the case number, the name of the Court, the style of the case, the subject matter of the case, the amount in controversy, the Court's holding, if any, and the amount of damages awarded or the terms of any settlement." *Id.*, Ex. A [DE-22-2] at 2-3 & Ex. B [DE-22-3] at 2-3. Plaintiffs each objected to this interrogatory and responded

4

that the information was not relevant or reasonably calculated to lead to the discovery of admissible evidence. *Id.*, Ex. A [DE-22-2] at 3 & Ex. B [DE-22-3] at 3. Plaintiffs' litigation history is relevant to their credit, which Plaintiffs placed at issue in this case, and the discovery sought is not disproportional to the needs of the case. Accordingly, Plaintiffs' objection is overruled.

Interrogatory Nos. 6 and 7 sought information related to "every application for credit or insurance made on behalf of Plaintiff during the past seven years, including whether the application was granted or denied" and more specific information related to any denial. *Id.* Plaintiffs each objected and responded that the information sought was private and not relevant or reasonably calculated to lead to the discovery of admissible evidence. *Id.* This action concerns Defendant's allegedly inaccurate reporting of Plaintiffs' credit history and resulting damages. Thus, these interrogatories seek relevant information and are proportional to the needs of the case. Further, Plaintiffs have put their credit history at issue and cannot withhold information related thereto based on privacy concerns. Accordingly, the objection is overruled.

Interrogatory No. 17 asks Plaintiffs to "[l]ist every entry on Plaintiff's Credit Report or Plaintiff's Credit Disclosure which Plaintiff contends is inaccurate and/or incomplete, stating with specificity the reasons why each such entry is inaccurate and/or incomplete." *Id.*, Ex. A [DE-22-2] at 6 & Ex. B [DE-22-3] at 6. Plaintiffs each objected and responded that the information sought was already in Defendant's possession in the form of the original dispute letters sent to Defendant and in the complaint. *Id.* This request goes to the basis for Plaintiffs' claim that Defendant inaccurately reported Plaintiffs' credit, and Defendant is entitled to explore this issue through discovery. There are valid reasons for a party to seek information which it may already possess, such as identifying discrepancies in the parties' respective information. *See PCS Phosphate Co., Inc. v. Norfolk S.*

5

*Corp.*, 238 F.R.D. 555, 558 (E.D.N.C. 2006). Further, the discovery sought is not disproportional to the needs of the case. Accordingly, the objection is overruled.

Interrogatory No. 19 seeks information related to Plaintiffs' alleged actual damages, "including the nature of each item of damage, the amount of each item of damage, the date each item of damage was incurred, the amount of compensation Plaintiff alleges entitlement to from the loss, how the figures used in compensating the value of each item of damage were computed, and all facts which form the basis of Plaintiff's contention that Experian's acts or omissions proximately caused the item of damage." Def.'s Mot., Ex. A [DE-22-2] at 6 & Ex. B [DE-22-3] at 6. Interrogatory No. 22 asks Plaintiffs to "[d]escribe the basis for Plaintiff's punitive damages calculation set forth in the Calculation Table attached to Plaintiffs' 26(a) Disclosures." *Id.*, Ex. A [DE-22-2] at 7 & Ex. B [DE-22-3] at 7. Plaintiffs each objected and responded that they provided this information in their Rule 26(a)(1) initial disclosures. *Id.* Plaintiffs' initial disclosures relate to their statutory damages rather than their actual damages. *Id.*, Ex. J [DE-22-11] at 4, 6. Plaintiffs' alleged actual damages are relevant and information related thereto is discoverable. With respect to punitive damages, Plaintiffs' calculation table attached to their initial disclosures provides no basis for the punitive damages calculation and, thus, does not answer the interrogatory. *Id.* at 6. Accordingly, Plaintiffs' objections are overruled.

Interrogatory No. 23 asks Plaintiffs to state the basis for the denial of any fact not admitted in response to Defendant's requests for admission. *Id.*, Ex. A [DE-22-2] at 7 & Ex. B [DE-22-3] at 7. Plaintiffs each denied all of Defendant's 23 Requests for Admission, mostly on the grounds that Defendant already has the information or that Plaintiffs do not believe the information is relevant or reasonably calculated to lead to the discovery of admissible evidence. *Id.*, Ex. C [DE-22-4] at 2-5.

As further discussed below, Plaintiffs' responses are insufficient. Accordingly, upon supplementation of Plaintiffs' responses, Plaintiffs shall state the basis for the denial of any fact not admitted.

Plaintiffs shall supplement their responses to Interrogatory Nos. 1, 4, 6, 7, 17, 19, 22, and 23 by no later than **December 23, 2015**.

### B.    Requests for Admissions

Defendant contends that Plaintiffs failed to respond to the substance of most of the Requests for Admissions ("RFA"), specifically Mr. Pickett's responses to RFA Nos. 1 through 17 and Ms. Pickett's responses to RFA Nos. 1 through 15. Def.'s Mem. [DE-23] at 6-7. Pursuant to Rule 36,

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. 36(a)(4). The court agrees that Plaintiffs have generally failed to sufficiently address the substance of Defendant's RFAs.

Ms. Pickett denied RFA No. 1, "[a]dmit that you are Valerie Joanne Pickett," because she contends Defendant already has this information. Def.'s Mot., Ex. D [DE-22-5] at 2. As explained above with respect to Plaintiffs' interrogatory responses, Defendant may explore the accurateness of the information it possesses and Plaintiffs may not resist discovery solely on this basis. Likewise, Ms. Pickett's responses to RFA Nos. 2 through 4 and 7 through 15 and Mr. Pickett's responses to RFA Nos. 1 and 2 and 5 through 17 are deficient for the same reason. *Id.*, Ex. C [DE-22-4] at 2-4

7

this action and cannot withhold relevant documents on the basis of privacy concerns. The information sought is relevant and proportional to the needs of the case. Accordingly, Plaintiffs' objection is overruled.

RFP Nos. 7 and 8 seek copies of Plaintiffs' social security cards and driver's licenses. *Id.*, Ex. E [DE-22-6] at 3 & Ex. F. [DE-22-7] at 3. Plaintiffs each objected on the grounds that Defendant already possessed the information from Plaintiffs' prior dispute letters. However, as explained above, this is not a proper objection where Defendants seek to explore whether the prior information remains current and whether Plaintiffs may have used other identities. Accordingly, Plaintiffs' objection is overruled.

RFP Nos. 9 through 11, 13 and 14 seek information related to Plaintiffs' creditworthiness, including copies of credit cards, statements or bills, mortgages or documentation of other real property ownership, tax returns and schedules, and applications for credit. *Id.*, Ex. E [DE-22-6] at 3-5 & Ex. F. [DE-22-7] at 3-5. Plaintiffs each objected that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence, is not readily available or no longer in possession of Plaintiffs, is already in the possession of Defendants, or fails to identify the documents sought with particularity. *Id.* Plaintiffs must only produce documents within their "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), and their objection is sustained to the extent they no longer maintain the requested documents. However, the requested information is relevant to the claims and defenses in this case, specifically the cause of Plaintiffs' alleged damages. Accordingly, Plaintiffs' relevancy objection is overruled. For the reasons stated above, the fact that Defendant may already possess some of these documents is insufficient to sustain Plaintiffs' objection and it is overruled. Finally, the court agrees with Plaintiffs that the time frame for which

9

Defendant is seeking Plaintiffs' tax returns is unclear and appears to seek returns dating as far back as Plaintiffs possess. Such an unbounded request is overly broad. Plaintiffs shall produce any tax returns, supporting schedules, and related documents for tax years 2008 to present.

RFP No. 18 seeks information related to whether Defendant refused to reinvestigate the disputed information in Plaintiffs' credit report or credit disclosure after Defendant had been notified. Def.'s Mot., Ex. E [DE-22-6] at 5 & Ex. F. [DE-22-7] at 5. Plaintiffs each objected with a legal argument regarding Defendant's obligation to investigate. *Id.* The information sought is relevant to the claims and defenses in this action and proportional to the needs of the case, and Plaintiffs' legal argument related to the merits of their claims provides no basis to sustain the objection. Accordingly, the objection is overruled.

RFP Nos. 19 through 23 seek information related to Plaintiffs' damages. *Id.*, Ex. E [DE-22-6] at 5-7 & Ex. F. [DE-22-7] at 5-7. Plaintiffs each objected on several grounds. First, in response to RFP No. 19 regarding Plaintiffs' actual monetary loss caused by Defendant, Plaintiffs each responded that they were not seeking lost wages yet, but may do so in the future. *Id.*, Ex. E [DE-22-6] at 5-6 & Ex. F. [DE-22-7] at 5. Plaintiffs' response is incomplete where Defendant seeks information regarding any actual monetary loss allegedly suffered by Plaintiffs, which may encompass more than lost wages. Next, in response to RFP Nos. 20 and 22 regarding whether Plaintiff suffered emotional distress damages and whether Plaintiffs' damages were caused by Defendant's negligence, Plaintiffs each objected that they have "not identified all of the documents and/or material" for use at trial and that the case is not over yet. *Id.*, Ex. E [DE-22-6] at 6 & Ex. F. [DE-22-7] at 6. Plaintiffs' objection is not responsive. Plaintiffs' obligation to produce responsive documents is not dependent upon whether they will use the documents at trial. In response to RFP

No. 21 regarding whether Plaintiffs' ability to obtain credit or the amount of credit extended to Plaintiffs was impacted by Defendant's credit reporting, Plaintiffs objected that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence, is not readily available or no longer in possession of Plaintiffs, or is already in the possession of Defendants. *Id.* This RFP goes directly to Plaintiffs' damages and is relevant and proportional to the needs of the case. As explained above, Plaintiffs need only produce documents in their possession, custody or control, but cannot withhold documents on the grounds that Defendants should already have copies of those documents. Finally, in response to RFP No. 23 regarding whether Defendant willfully caused the alleged damages, Plaintiffs each responded that they have "not identified all of the documents and/or material" for use at trial and asserted a legal argument regarding Defendant's willfulness and investigatory duties. *Id.*, Ex. E [DE-22-6] at 6-7 & Ex. F. [DE-22-7] at 6-7. Plaintiffs' objection is not responsive and, as explained above, Plaintiffs' obligation to produce responsive documents is not dependent upon whether they will use the documents at trial. Plaintiffs' legal argument related to the merits of their claims provides no basis to sustain the objection. Accordingly, Plaintiffs' objections are overruled.

Plaintiffs must produce of make available for inspection and copying documents responsive to RFP Nos. 3, 4, 7 through 11, 13, 14, and 18 through 23 by no later than **December 23, 2015**.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion to compel Plaintiffs' discovery responses [DE-22] is ALLOWED, and Plaintiff shall supplement their discovery responses by no later than

**December 23, 2015.**

    SO ORDERED, this the 2nd day of December 2015.

                                                  Robert B. Jones, Jr.
                                                  United States Magistrate Judge